UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1673 (CW) | Date | November 16, 2010 |
|---|---|---|---|
| Title | Veronica Servin v. Michael J. Astrue, Social Security Commissioner | | |

| Present: The Honorable | Carla Woehrle, United States Magistrate Judge | |
|---|---|---|
| Donna Y. Thomas | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| n/a | | n/a |

**Proceedings:**    (In Chambers)

　　On October 12, 2010, the court issued an order finding the doctrine of equitable tolling applicable to Plaintiff's request for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") and directing Plaintiff's counsel to submit an itemized statement of the work performed on this case together with the fees sought.  On October 15, 2010, Defendant requested clarification of the court's order.  On October 19, 2010, Plaintiff's counsel filed a reply.

　　Applications for attorney's fees under the EAJA are subject to equitable tolling.  Townsend v. Commissioner of Social Security, 415 F.3d 578, 582 (6th Cir. 2005)(citing Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 95, 111 S. Ct. 453, 112 L. Ed 23 435 (1990)); Souphalith v. Astrue, 2009 WL 35471 at *2 (S.D. Cal. Jan. 5, 2009); see also Sanchez v. Astrue, 273 Fed. Appx. 686, 687 (9th Cir. 2008)(assuming equitable tolling is available for EAJA requests but finding application of doctrine inappropriate).  A litigant seeking equitable tolling of the time period for EAJA fee applications must establish two elements: (1) an extraordinary circumstance beyond the party's control precluded timely filing, and (2) the party acted with reasonable diligence under the circumstances.  Souphalith, id. (citing Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 213 (2000)).  Here, there is no serious dispute that Plaintiff did not receive notice of the court's judgment at the time it was entered. [See court's minute order of April 16, 2010 (docket no. 29).]  In the absence of any indication from the court that a judgment was imminent, it was not unreasonable that Plaintiff's counsel did not detect the court's error sooner by, for example, checking the court's docket at an earlier time.  Cf. Sanchez, 273 Fed. Appx. at 687 (finding failure to check periodically court's docket dispositive where Report and Recommendation was issued, such that counsel was reasonably on notice regarding possible imminent judgment).  Once Plaintiff's counsel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1673 (CW) | Date | November 16, 2010 |
|---|---|---|---|
| Title | Veronica Servin v. Michael J. Astrue, Social Security Commissioner | | |

became aware of the error, she diligently filed this EAJA application. Under these circumstances, application of equitable tolling is appropriate, particularly in light of the lack of prejudice to the Defendant.  See Leong v. Potter, 347 F.3d 1117, 1123 (9th Cir. 2003)(noting that application of equitable tolling "focuses on a plaintiff's excusable ignorance and lack of prejudice to the defendant").  Accordingly, the instant application is timely.

     An award of attorney fees under the EAJA must be "reasonable," and "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001)(citing Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)).  Under this standard, compensation for 23.5 attorney hours is appropriate, for an award of $3,933.43 in this case.[1]

     It is hereby ordered that Plaintiff's application for attorney's fees under the EAJA (docket no. 21, filed August 25, 2009) is **GRANTED** in the amount of $3,933.43.

cc:   Laura E Krank
      Rohlfing & Kalagian LLP
      211 East Ocean Boulevard Suite 420
      Long Beach, CA 90802

      Jean M Turk
      SAUSA - U S Attorney's Office
      U S Department of Justice
      333 Market Street Suite 1500
      San Francisco, CA 94105

---

[1] Although Plaintiff's itemized statement also includes a list of clerical tasks performed in this case, such work is not compensable under the EAJA.  See Sorenson v. Concannon, 161 F. Supp. 2d 1164, 1168 (D. Or. 2001).